[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, through counsel, has filed a two count amended petition for a writ of habeas corpus dated May 31, 2002.
The first count alleges that the respondent Commissioner of Corrections has failed to apply certain earned good time credits to his total effective sentence in violation of his state and federal constitutional rights and in violation of General §§ 18-7, 18-7a (c) and 18-98 (b).
Count two claims that the application of General Statutes § 18-100d
to his sentence is an unconstitutional ex post facto law in violation of the federal constitution.
In docket number CV92-82870 the petitioner was sentenced in May 7, 1993 to a term of ten years imprisonment, execution suspended after five years, followed by five years probation for the crime of robbery I committed on September 1, 1992. On September 20, 1996 he was released from custody, having served the five years, and began his five year probation. On October 9, 1997, the petitioner was convicted of possession of narcotics with intent to sell in docket number CR97-100211 for a crime which occurred after October 1, 1994. On that same day, before the same court he was found to be in violation of probation in docket number CR92-82870 based on the narcotics conviction. Probation was revoked, and he was sentenced to serve the unexecuted five years on the original sentence. The sentence imposed on the drug conviction in docket number CR97-100211 was ten years imprisonment, execution suspended after five years, followed by five years probation, to be served concurrently with the sentence imposed for the VOP in docket number CR92-82870.
Shortly after the sentencing, in order to determine the petitioner's release date on docket number 97-100211 the respondent started with the sentencing date of October 9, 1997, added the five year sentence, subtracted days for jail credit, and ended up with a release date of August 20, 2002, subsequently changed to August 19, 2002 by virtue of Public Act 01-78.
With respect to docket number CR92-82870, on which the original sentence was imposed on May 7, 1993, the respondent started with the sentencing date of October 9, 1997, added the five year sentence imposed on that date, and the original five year sentence, and came up with an initial discharge date of October 8, 2007. The respondent then calculated the time originally served, gave the petitioner all the statutory good CT Page 8597 time, jail credit, and jail credit good time to which he was entitled, and arrived at a discharge date of September 10, 2002.
Thereafter, as the petitioner was serving his sentence, the respondent maintained separate time sheets on each offense. The respondent credited the petitioner with earned good time, as the sentence was served, on CR92-82870, but not on CR97-100211. As a result of earned good time credit the sentence in CR92-82870 was satisfied on March 7, 2001. However, since the respondent did not apply earned good time to CR97-100211, the release date of August 19, 2002 did not change. The respondent construes the sentence imposed in CR97-100211 as the longer sentence, and the petitioner remains in custody.
It is the petitioner's claim that the law requires the two concurrent sentences to be merged, that the sentence imposed in CR92-82870 had the longer term, that that sentence therefore was the controlling sentence, and that good time credit earned since October 7, 1997 should be applied to that sentence. If the petitioner's reasoning is correct, as of March 7, 2001, as the result of earned good time credit on the controlling sentence, the petitioner had fully served the merged sentence and was entitled to be discharged from custody.
The basic disagreement of the parties with respect to the first count is as to how earned good time credits are to be applied in this case. The petitioner claims that failure of the respondent to treat his "total effective sentence as one continuous term to reduce that term by his earned good time credits, and to release him on March 7, 2001, violates General Statutes §§ 18-7, 18-7a (c), 18-98a, 18-98d (b) and 53a-38 (b)." In making this claim the petitioner is relying primarily on the recent decision in Rivera v. Commissioner of Correction, 254 Conn. 214, 217
(2000) where the court held "a prisoner who is serving multiple concurrent and consecutive sentences is entitled to have his total number of earned good time credits applied to reduce his total effective term of imprisonment."
It is the respondent's position that while the two sentences "merged" in that they both commenced on the same day, the two sentences still exist for purposes of determining when each expires when they are imposed under different sentencing structures, as in this case. The respondent claims that earned good time credit computed during the course of incarceration is applicable to crimes committed on or before October 1, 1994, as in CR92-82870, but not for crimes committed after October 1, 1994, as in CR97-100211. The respondent makes this claim based on the provisions of General Statutes § 18-100d as that statute has been interpreted in Velez v. Commissioner of Correction, 250 Conn. 536
(1999). In that case the Supreme Court held "Third, § 10 of P.A. CT Page 8598 93-219 created a new statute codified as § 18-100d, the statute principally at issue in this appeal. Section § 18-100d provides: "`Notwithstanding any other provision of the general statutes, any person convicted of a crime committed on or after October 1, 1994, shall be subject to supervision by personnel of the Department of Correction or the Board of Parole until the expiration of the maximum term or terms forwhich he was sentenced.' (Emphasis added.) By its terms, § 18-100d
requires that a person convicted of a crime committed on or after October 1, 1994, remain under the authority of either the department or the board for the entire length of his or her court-imposed sentence. Thus, the language of § 18-100d manifests an intention that such persons be either incarcerated (i.e., under the authority of the department), placed in a community correctional program (i.e., under the authority of the department) or on parole (i.e., under the authority of the board) during the entire term of their court-imposed sentences.
Moreover, the phrase "[n]otwithstanding any other provision of thegeneral statutes"; (emphasis added); in § 18-100d unequivocally indicates that the legislature intended that the statutory requirement that persons convicted of crimes committed on or after October 1, 1994, remain under the authority of the department or the board for the entire length of the court-imposed sentences, would override any statutory provisions to the contrary. By its terms, therefore, § 18-100d
indicates that the legislature intended that the good time statutes — statutes that operate to release inmates and persons granted community placement from the authority of the department and to release parolees from the authority of the board after completion of only a portion of their court-imposed sentences — no longer be applicable to persons convicted of crimes committed on or after October 1, 1994."
All of the crimes in Rivera were committed before October 1, 1994, which distinguishes Rivera from the instant case. It is also to be noted that in Rivera the court referred to its decision in Velez that § 100d precluded earned good time for crimes committed after October 1, 1994.
This court has reviewed the memorandum filed by each party and the various cases cited therein. The court finds that the specific language of Velez controls the issue raised by the first count. The court therefore finds that the method by which the respondent has determined the petitioner's release date is proper and that his release date is August 19, 2002.
The second count claims that the application of § 18-100d to his sentence is an ex post facto violation. The crime committed in CR97-100211 occurred after October 1, 1994. Section 18-100d was effective CT Page 8599 on July 1, 1993, long prior to the date of the crime in CR97-100211. The ex post facto claim is without merit.
For the above reasons, the petition for writ of habeas corpus is dismissed as to both counts.
Hadden, Judge Trial Referee